IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Robert Payne, | ) | |
| | ) | Civil Action No. 6:12-262-DCN-KFM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT OF MAGISTRATE JUDGE** |
| | ) | |
| Fennell and Charleston County., | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, a pretrial detainee proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On February 29, 2012, the defendants filed a motion to dismiss for failure to state a claim (doc. 17). By order filed March 1, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed his response in opposition on April 4, 2012. On April 19, 2012, the plaintiff field a motion for summary judgment (doc. 27). On May 14, 2012, the plaintiff filed a motion for preliminary injunction (doc. 36). The defendants filed their response in opposition to the plaintiff's motion for summary judgment and the motion for preliminary injunction on May 24, 2012 (docs. 37 and 38).

## BACKGROUND

The plaintiff is currently incarcerated at the Charleston County Detention Center ("CCDC") following a May 29, 2011, arrest for discharging a firearm, disorderly

conduct, public intoxication, and indecent exposure. The plaintiff claims an Eighth Amendment violation because of twenty-four hour lockdown in solitary confinement without exercise for weeks on end. (comp. at 2-4).

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the the the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only

2

disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

The Supreme Court has made it clear that corrections officials are to be accorded considerable deference in their prison management decisions. In *Thornburgh v. Abbott,* 490 U.S. 401 (1989), the Court explained that, "Acknowledging the expertise of these officials and that the judiciary is 'ill equipped' to deal with the difficult and delicate problems of prison management, this Court has afforded considerable deference to the determinations of prison administrators who, in the interest of security, regulate the relations between prisoners and the outside world." 490 U.S. at 407-08 (citing *Procunier v. Martinez*, 416 U.S. 396, 404-405 (1974)); *see also Overton v. Bazzetta,* 539 U.S. 126, 132 (2003) ("We must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them.") (citations omitted).

The defendants argue that the Eighth Amendment does not apply to the plaintiff's claims. This court agrees. To prevail in a civil rights action brought under 42 U.S.C. § 1983, a plaintiff must establish two elements: (1) that the defendant(s) deprived him of a right secured by the Constitution or federal law, and (2) that the defendant committed the deprivation while acting under color of state law. *Spell v. McDaniel*, 591 F. Supp. 1090, 1099 (E.D.N.C. 1984); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Also, in any action brought under § 1983, a court must first identify the contours of the underlying right the plaintiff claims was violated. *Graham v. Connor*, 490 U.S. 386, 394 (1989). This requires a determination of the plaintiff's status at the time of the alleged violations. *United States v. Cobb*, 905 F.2d 784, 788 (4th Cir. 1990).

3

The plaintiff is a pretrial detainee who complains of conduct that allegedly has occurred during his confinement at Charleston County Detention Center (CCDC). The plaintiff seeks relief from Defendants C. Fennell and Charleston County, and alleges that he has been placed in long term solitary confinement without exercise for approximately three months, and that this caused him to be "depriv[ed] of a basic, unquestioned human need" in violation of the Eighth Amendment. Because the plaintiff is a pretrial detainee, the Eight Amendment prohibition against cruel and unusual punishment does not apply. *See Graham*, 490 U.S. at 392 n.6 (citing *Ingram v. Wright*, 430 U.S. 651, 671–72 n.40 (1977)). For a pretrial detainee being held prior to an adjudication of guilt, the Due Process Clause of the Fourteenth Amendment applies to allegations of cruel and unusual punishment. *Cobb*, 905 F.2d at 788; *see also Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979) ("Due Process requires that a pretrial detainee not be punished."). Thus, in order to make out a "plausible" claim for a due process violation, the plaintiff must plead factual allegations showing that the defendants' conduct was intended to punish him. *See Cooper v. Dyke*, 814 F.2d 941, 948–49 (4th Cir. 1987).

The Fourth Circuit Court of Appeals has recognized that not every hardship suffered during pretrial detention rises to the level of "punishment" in the constitutional sense. *See Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992) (citing *Bell v. Wolfish*, 441 U.S. at 535). In order for the condition of confinement to amount to punishment, the condition must be sufficiently serious such that it fails to meet the "minimal civilized measure of life's necessities." *See Rhodes v. Chapman*, 452 U.S. 337, 341 (1981). Although the plaintiff recites the above-quoted language and other legal "catchphrases" in his complaint, these are, of course, *legal* conclusions rather than the *factual* content needed to support the plaintiff's claim for relief. The plaintiff's complaint contains no "specific, non-conclusory factual allegations" of an improper motive to punish on the part of officials at the Detention Center. *See Crawford-El v. Britton*, 523 U.S. 574 (1998). The

4

act of placing a detainee in administrative segregation is not punitive *per se* because it is rationally connected to legitimate governmental objectives. Courts have recognized that administrative separation or segregation may, for example, serve any number of the following legitimate interests—"to protect an inmate's safety, to protect other inmates from a particular inmate, to break up potentially disruptive groups of inmates, or simply to await later classification or transfer." *Phomphackdi v. Spartanburg Cnty.*, No. 9:05-3084, 2006 WL 4391127, at *8 (D.S.C. Nov. 20, 2006); *see also id.* at *9 (addressing a pretrial detainee's claim that being placed in administrative segregation for a period of eight months violated his rights and concluding that "[t]his type of confinement does not implicate any due process rights"). Because the plaintiff has not pleaded an expressed intent to punish on the part of officials, then, his claim for relief is based solely on the single allegation that he was placed in administrative segregation, which is not a hardship that amounts to "punishment."

The plaintiff alleges that he has been in continuous solitary confinement from November 1, 2011 through January 24, 2012, with "extremely few and far between exceptions (court ordered trips to court and maybe weekly 15 minute trips to a closet sized shower cell 20 feet from confinement cell 1215, cell block A1A)." However, the plaintiff's own filings in other lawsuits disprove this allegation. In one filing, the plaintiff represented to the court that on December 4, 2011, he was moved by a jailer in cellblock A3N to solitary confinement. (Motion for Preliminary Injunction and Sanctions, C/A No.:6:11-cv-02011-DCN-KFM, ECF No. 47). Similarly, in another recent lawsuit, the plaintiff alleges that on January 13, 2012, Officer Fennell moved "Plaintiff from his A1B cell to A1A." (Complaint, Statement of Claim, C/A. No. 6:12-cv-00265-DCN-KFM, ECF No. 1). The plaintiff's own filings in his other civil cases thus show that in the present action his claims of continuous solitary confinement in A1A are false. In their response to the plaintiff's motion for summary judgment (doc. 37), the defendants show plaintiff was given recreation periods on at least 12 days during his solitary confinement (Bernard Keyes aff. ¶ 20). The

5

plaintiff was also allowed activity outside his cell on at least eleven other occasions (Id.). Therefore, his claim has no merit.

Charleston County is a local government entity that may be sued under § 1983, but an alleged constitutional violation must be related to a "policy or custom" of the county. *See Monell v. Dept. of Social Servs.*, 436 U.S. 658, 690–91 (1978). As discussed above, the plaintiff's constitutional rights have not been violated, but even assuming such a violation, no policies or customs of Charleston County were responsible because under South Carolina law, local governments do not have control of county jails or detention centers. S.C. Code § 24-5-10; *see also Roton v. Sparks*, 270 S.C. 637, 640 (1978) ("[T]he general law of this State ... provides: The sheriff shall have custody of the jail in his county."). Defendant Fennell is likewise entitled to summary dismissal on the basis that no constitutional violation has occurred. Further, the plaintiff's complaint is completely void of any specific "plausible facts" showing that Fennell had any personal involvement in the claimed deprivations. Therefore, the plaintiff has not pled sufficient facts upon which relief can be granted as to the two named defendants.

## **CONCLUSION AND RECOMMENDATION**

Now, therefore, based upon the foregoing,

IT IS RECOMMENDED that the defendants' motion to dismiss (doc. 17) be granted and the plaintiff's motions for summary judgment (doc. 27) be denied. Should the district court adopt this court's recommendation, the plaintiff's motion for preliminary injunction (doc. 36) will be moot.

s/Kevin F. McDonald
United States Magistrate Judge

August 2, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington St, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.